UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; LESS THAN ZERO MUSIC; SOUTHFIELD ROAD MUSIC; FAKE AND JADED MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; ELEKSYLUM MUSIC, INC., NO SURRENDER MUSIC, a division of PRAXIS INTERNATIONAL COMMUNICATIONS, INC.; E.O. SMITH MUSIC; SONGS OF UNIVERSAL, INC.; CROOKED CHIMNEY MUSIC INC.; ESCATAWPA SONGS, LLC; PEPPERMINT STRIPE MUSIC,<br><br>    Plaintiffs<br><br>  v.<br><br>ANDERSON PUB & GRILL LLC d/b/a ANDERSON PUB & GRILL.<br><br>and<br><br>BRIAN ARLINGHAUS, JON BERNIER, TED ARLINGHAUS and WILLIAM DOLD, each individually,<br><br>    Defendants | CASE NO. 1:22-cv-00470<br><br>JUDGE<br><br><br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 18.7 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Less Than Zero Music is a sole proprietorship owned by Jonathan Siebels. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Southfield Road Music is a sole proprietorship owned by Tony Fagenson. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Fake and Jaded Music is a sole proprietorship owned by James Maxwell Stuart Collins. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Eleksylum Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff No Surrender Music is a division of Praxis Music International Communications, Inc. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff E.O. Smith Music is a sole proprietorship owned by Rivers Cuomo. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Plaintiff Crooked Chimney Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

14. Plaintiff Escatawpa Songs, LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

15. Plaintiff Peppermint Stripe Music is a sole proprietorship owned by John White. This Plaintiff is a copyright owner of at least one of the songs in this matter.

16. Defendant Anderson Pub & Grill LLC is a limited liability company organized and existing under the laws of the state of Ohio, which operates, maintains and controls an establishment known as Anderson Pub & Grill, located at 8060 Beechmont Avenue, Cincinnati, OH 45255, in this district (the "Establishment").

17. In connection with the operation of the Establishment, Defendant Anderson Pub & Grill LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

18. Defendant Anderson Pub & Grill LLC has a direct financial interest in the Establishment.

19. Defendant Brian Arlinghaus is a member of Defendant Anderson Pub & Grill LLC with responsibility for the operation and management of that limited liability company and the Establishment.

20. Defendant Brian Arlinghaus has the right and ability to supervise the activities of Defendant Anderson Pub & Grill LLC and a direct financial interest in that limited liability company and the Establishment.

21. Defendant Jon Bernier is a member of Defendant Anderson Pub & Grill LLC with responsibility for the operation and management of that limited liability company and the Establishment.

22. Defendant Jon Bernier has the right and ability to supervise the activities of Defendant Anderson Pub & Grill LLC and a direct financial interest in that limited liability company and the Establishment.

23. Defendant Ted Arlinghaus is a member of Defendant Anderson Pub & Grill LLC with responsibility for the operation and management of that limited liability company and the Establishment.

24. Defendant Ted Arlinghaus has the right and ability to supervise the activities of Defendant Anderson Pub & Grill LLC and a direct financial interest in that limited liability company and the Establishment.

25. Defendant William Dold is a member of Defendant Anderson Pub & Grill LLC with responsibility for the operation and management of that limited liability company and the Establishment.

26. Defendant William Dold has the right and ability to supervise the activities of Defendant Anderson Pub & Grill LLC and a direct financial interest in that limited liability company and the Establishment.

CLAIMS OF COPYRIGHT INFRINGEMENT

27. Plaintiffs repeat and re-allege each of the allegations contained in the foregoing paragraphs 1 through 26.

28. Since March 2019, BMI has reached out to Defendants over fifty-five (55) times, by phone, mail and email, in an effort to educate Defendants as to their obligations under the Copyright

Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

29. Plaintiffs allege six (6) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

30. Attached hereto as Exhibit 1 and incorporated herein is a schedule (the "Schedule") identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the six (6) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

31. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

32. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

33. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

34. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

35. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court enjoins and restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, as follows:

A. Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. 502;

B. Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. 504(c);

C. Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. 505; and

D. Plaintiffs have such other and further relief as is just and equitable.

/s/ *Robert E. Chudakoff*
Robert E. Chudakoff (0038594), Trial Attorney
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street – Suite 1100
Cleveland, Ohio  44113-1448
Tel: (216) 583-7000
Fax: (216) 583-7001
rchudakoff@ulmer.com

and

Paul J. Linden (0083699), Co-Counsel
ULMER & BERNE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202-4029
Tel: (513) 698-5000
Fax: (513) 698-5001
plinden@ulmer.com

*Attorneys for Plaintiffs*